| Attorney or Party Name, Address, Telephone & Fax Nos., State Bar No. & Email Address<br><br>Michael Jay Berger (SBN 100291)<br>Sofya Davtyan (SBN 259544)<br>Law Offices of Michael Jay Berger<br>9454 Wilshire Blvd., 6th Fl.,<br>Beverly Hills, CA 90212<br>Tel.: (310) 271-6223<br>Fax: (310) 271-9805<br>E-mail: Michael.Berger@bankruptcypower.com<br>E-mail: Sofya.Davtyan@bankruptcypower.com<br><br>☐ Individual appearing without attorney<br>☒ Attorneys for:   Thomas St. John, Inc. | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>THOMAS ST. JOHN, INC. | CASE NO. **2:25-bk-11641-BR**<br><br>CHAPTER 11<br>(Subchapter V) |
|---|---|
| | **SUBCHAPTER V STATUS REPORT** |
| | **Status Conference:**<br><br>DATE: May 13, 2025<br>TIME: 10:00 a.m.<br>COURTROOM: 1668 |

**Status Conference Location:**

☒ 255 East Temple Street, Los Angeles, CA 90012

☐ 411 West Fourth Street, Santa Ana, CA 92701

☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

☐ 1415 State Street, Santa Barbara, CA 93101

☐ 3420 Twelfth Street, Riverside, CA 92501

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

March 2021 — 1 — F 2015-3.1.SUBV.STATUS.RPT

TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT
OF CALIFORNIA, THE SUBCHAPTER V TRUSTEE, ALL PARTIES IN INTEREST,
AND THEIR COUNSEL:

PLEASE TAKE NOTICE that the debtor and debtor-in-possession in this case ("Debtor") is proceeding under subchapter V of chapter 11 of Title 11 of the United States Code ("Bankruptcy Code" or "U.S.C."),[1] and the Bankruptcy Court will hold a status conference at the date, time, and place set forth above. The Debtor is filing this Status Report pursuant to 11 U.S.C. § 1188(c) and LBR 2015-3(b).[2] Check your presiding judge's procedures to see if, in addition to this Status Report, you must also file Local Form F 2081-1.1.C11.STATUS.RPT, or any other form of Status Report.

1. **The Plan:**

    1.1    What type of plan will the Debtor propose?

    ☐ Consensual (i.e., with agreement or consent of creditors and other interested parties)
    ☐ Nonconsensual[3]
    ☒ Undetermined

    1.2    Explain why the Debtor expects the plan to be consensual or nonconsensual, or the reason why it is undetermined at this time:

    It is undetermined at this time if the plan to be proposed by the Debtor will be a consensual or non-consensual plan because the Debtor is in the early stages of negotiations with its creditors, and will request mediation with plaintiffs/claimants who filed unsecured claims based on litigation and/or arbitration which was pending pre-petition.

    1.3    Will the Debtor file the plan within the deadline of 90 days from the petition date imposed by § 1189(b)?

    ☒ Yes
    ☐ No

    If "No," explain why, and state when the debtor will file its[4] plan:

    1.4    Please summarize the basic nature of the plan:

    Debtor is a service-based business. Debtor has vacated the office located at 10877 Wilshire Blvd. and stipulated with the landlord to reject the lease. (Dkt. 45). Debtor also vacated and rejected the lease for the office in Encino, CA and entered into a stipulation for lease rejection.

    The IRS filed a priority claim in the approximate amount of $4.1 million dollars (Claim No. 1-1). The claim is based on estimated taxes for unfiled WT-FICA, and Corporate and Foreign tax returns. Debtor will work to get the unfiled forms filed and anticipates that the claim will be significantly reduced.

    Depending on the valuation of the Debtor's assets, Debtor may bifurcate some of its creditor's claims into partially secured and partially unsecured claims. Those secured lienholders holding lower-priority claims beyond the liquidation value will be treated as undersecured, and their claims treated in the class of general unsecured creditors

    Debtor's Plan will provide the same pro-rata distribution to all general unsecured creditors classified within the same class.

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020. All references to "Section" or "§" are to the Bankruptcy Code or Title 11 of the United States Code.
[2] "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c).
[3] The term "nonconsensual plan" for purposes of this Status Report means a plan confirmed under § 1191(b).
[4] In this Status Report, "it" in referring to the Debtor also refers to "him" or "her."

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Debtor is involved in the following litigation and/or arbitration and intends to request the parties to participate in mediation in an attempt to settle the disputes:

<u>Nwasike v. Thomas St. John Inc.</u>, et al. pending in Los Angeles Superior Court (case no. 21STCV17058); Plaintiff filed a proof of claim in this case (claim no. 5-1), which is unsecured, unliquidated and disputed, for $8,000,000.

<u>Kamemoto v. Thomas St. John Inc.</u>: this claim is for an alleged breach of employment agreement and was in arbitration with JAMS (case no. 5220003387) pre-petition. Claimant has filed a proof of claim (claim no. 13-1) in the amount of $796,909.60, which unsecured, unliquidated and disputed.

<u>Davoody v. Thomas St. John Inc.</u>, pending in Los Angeles Superior Court (case no 25STCV04143); Claimant filed a proof of claim (claim no. 9-1) in this case which is unsecured and disputed, for $54,157.94.

2. **Efforts Towards Consensual Plan:**[5]

   2.1 Describe the efforts the Debtor has taken so far to obtain the consent of creditors for a consensual plan:

   This is the first status report and no material steps for a consensual plan have yet been undertaken.

   2.2 Describe the efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan:

   The efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan will involve continued discussions and negotiations with the creditors, including mediation if all parties agree.

   2.3 Describe the efforts that Debtor has taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtor's reasons for not reaching out to creditors and parties in interest about a plan:

   Debtor has filed a stipulation to reject the lease at 10877 Wilshire Blvd. and reached a stipulation to reject the lease in Encino.

   Debtor would like to participate in mediation in an effort to settle the litigation with plaintiffs/claimaints Nwasike, Kamemoto and Davoody.

   2.4 Identify the parties with whom the Debtor has discussed a plan? Select all that apply:

   - [ ] Secured creditors
   - [ ] Priority creditors
   - [ ] Unsecured creditors
   - [ ] Equity interest holders
   - [ ] The subchapter V trustee
   - [x] Others (describe:) Landlords for office space in Los Angeles and Encino.

3. **Appointment of Committees and Disclosure Statement:**

   3.1 In the Debtor's view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

   - [ ] Yes
   - [x] No

---

[5] This Status Report does not ask the Debtor to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Explain your answer:

    3.2    In the Debtor's view, is there any "cause" for the Court to order the filing of a separate disclosure statement pursuant to § 1181(b) and § 1125?

☐ Yes
☒ No

Explain your answer:

**4.    Reporting Compliance:**

    4.1    Has the Debtor filed all the documents required under § 1187(a)?[6]

☐ Yes
☒ No

If "No," identify the documents that were required to be filed[7] but were not:

☒ (a) the Debtor's most recent balance sheet
☒ (b) the most recent statement of the Debtor's operations
☒ (c) the Debtor's most recent cash-flow statement
☒ (d) the Debtor's most recent Federal income tax return

Has the Debtor filed a statement under penalty of perjury that the Debtor has not prepared a balance sheet, statement of operations, and/or cash-flow statement and/or that Debtor has not filed its Federal income tax return as required by § 1116(1)(B)?

☐ Yes
☒ No
☐ Not applicable

If "Yes," identify each unprepared or unfiled document, and explain why the document was not prepared or filed and how the Debtor intends to prepare or file the document: Debtor is working with its accountant on the statement of operation and the most recent cash-flow statement.

    4.2    Has the Debtor filed all Small Business Monthly Operating Reports (Official Form B 425C) ("MORs") as required under § 308?

☒ Yes
☐ No

If "No," or if portions of the MORs are deficient, identify which portions are deficient or not reported fully:

☐ (a) Reports regarding Debtor's profitability
☐ (b) Reports regarding reasonable approximations of projected cash receipts and disbursements over a reasonable period
☐ (c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports
☐ (d) Reports regarding whether the Debtor is (i) in compliance in all material respects with postpetition requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (ii) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due
☐ (e) Reports regarding Debtor's failure to make either of the reports

---

[6] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.
[7] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

in the immediately preceding paragraph (d) (as required by
§ 308(b)(5))

☐ (f) Reports regarding such other matters as are in the best interests of the Debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11

For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

5. **Other Code Compliance:**

   5.1 Did the Debtor attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

   ☒ Yes (The meeting of creditors was held on March 31, 2025 (docket no. 6).
   ☐ No

   If "No," explain why and when the Debtor intends to comply with these requirements:

   5.2 Has the Debtor filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

   ☒ Yes
   ☐ No

   If "No," explain why and when the Debtor intends to comply with these requirements:

   5.3 Has the Debtor maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

   ☒ Yes
   ☐ No

   If "No," explain why and when the Debtor intends to comply with this requirement:

   5.4 Has the Debtor timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

   ☐ Yes
   ☒ No

   If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

   Debtor is working on unfiled FICA, Corporate, and Federal Tax Returns and anticipates completing them by May 31, 2025.

   5.5 Has the Debtor allowed the United States Trustee to inspect the Debtor's premises, books, and records, and otherwise complied with § 1116(7)?

   ☐ Yes
   ☒ No

   If "No," explain why and when the Debtor intends to comply with this requirement:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

March 2021                              - 5 -                           F 2015-3.1.SUBV.STATUS.RPT

No such request was made.

6. <u>**Cash Collateral**</u>:

   6.1 Does any entity assert that any property of the bankruptcy estate constitutes its cash collateral?

   ☐ Yes
   ☒ No

   If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

   6.2 Is the Debtor currently using, selling, and/or leasing any property of the bankruptcy estate that any entity contends is its cash collateral?

   ☐ Yes
   ☒ No

   If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.
   All assets of the Debtor are claimed as cash collateral by the following entities:

   6.3 Since the filing of this bankruptcy case, has the Debtor used, sold, and/or leased any property of the bankruptcy estate that an entity contends is its cash collateral?

   ☐ Yes
   ☒ No

   If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

   6.4 Has the Court approved any orders authorizing the use of cash collateral?

   ☐ Yes
   ☒ No

   6.5 Has every entity having any interest in cash collateral that is property of the bankruptcy estate consented to its use?

   ☐ Yes
   ☐ No
   ☒ Not applicable

7. <u>**"First Day" Motions**</u>:

   7.1 Has the Debtor filed any of the following "first day" motions, if applicable:

   ☐ Cash collateral
   ☐ DIP financing
   ☐ Prepetition non-insider wage payments
   ☐ Cash management authority
   ☐ Utilities
   ☐ Limit notice
   ☐ Joint administration
   ☐ Critical vendor
   ☐ Others (describe:)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

March 2021                                                    - 6 -                                              F 2015-3.1.SUBV.STATUS.RPT

7.2 Do prepetition plan support agreements exist?

☐ Yes
☒ No

If "Yes," attach copies to this Status Report.

8. **Additional Information:**

8.1 What additional information would the Debtor like to disclose to the Court concerning this chapter 11 case or the plan (e.g., executory contracts or unexpired leases, setting or extending bar date for proofs of claims or interests, sale or surrender of real and/or personal property)?

Dated: 4/29/2025

Respectfully submitted:

**Michael Jay Berger**
Name of Debtor's Counsel

/s/ Michael Jay Berger
Signature of Debtor's Counsel

Name of Law Firm:  **Law Offices of Michael Jay Berger**
Address:  **9454 Wilshire Boulevard, 6th floor
Beverly Hills, CA 90212**

Telephone number:  **(310) 271-6223**
Email address:  **michael.berger@bankruptcypower.com**

I/we declare, under penalty of perjury, that I/we have read and reviewed all of the information provided in this Status Report and that it is true, correct, and accurate.

Dated: 4/29/2025

Thomas St. John
Name of Debtor/Debtor Representative

Chief Executive Officer
Relation to Debtor

Signature of Debtor/Debtor Representative

Dated: _____

Name of Co-Debtor (if any)

Signature of Co-Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

March 2021    - 7 -    F 2015-3.1.SUBV.STATUS.RPT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **Subchapter V Status Report** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 4/29/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Interested Party: Ron Bender    rb@lnbyg.com
Michael Jay Berger    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Interested Party: Debra Brand    dbrand@yaspanlaw.com
Leaf Capital Funding Jennifer Witherell Crastz    jcrastz@hrhlaw.com
Counsel for Center West: Stella A Havkin    stella@havkinandshrago.com, shavkinesq@gmail.com
Subchapter V Trustee: Gregory Kent Jones (TR)    gjones@sycr.com,
smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
Interested Party: Jeffrey S Kwong    jsk@lnbyg.com, jsk@ecf.inforuptcy.com
Interested Party: Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
U.S. Trustee: Ron Maroko    ron.maroko@usdoj.gov
Interested Parties Howard Ruddell    hruddell@mooreruddell.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 4/29/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 4/29/2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/29/2025 | Peter Garza | /s/Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

Label Matrix for local noticing
0973-2
Case 2:25-bk-11641-BR
Central District of California
Los Angeles
Tue Apr 29 19:02:33 PDT 2025

Center West
c/o Stella Havkin
21650 Oxnard Street, Suite 1540
Woodland Hills, CA 91367-7858

David K. Gottlieb, Chapter 7 Trustee for the
21650 Oxnard Street
Suite 500
Woodland Hills, CA 91367-4911

Leaf Capital Funding, LLC
c/o Hemar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436-2802

Thomas St. John, Inc.
10877 Wilshire Blvd.
Los Angeles, CA 90024-4351

Tipalti, Inc.
c/o Bialson, Bergen & Schwab
Attn: Lawrence Schwab/Gaye Heck
830 Menlo Ave., Suite 201
Menlo Park, CA 94025-4734

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

AMB Industry Group LLC
14141 Southwest Freeway
Sugar Land, TX 77478-3493

Agicap SAS
Immeuble Lyon Vaise Saint Cyr 57-59
Rue Saint Cyr, 69009, Lyon France

American Arbitration Association
120 Broadway, 21st Floor
New York, NY 10271-2700

Bankruptcy Estate of Philip M. Lawrence II
David K. Gottlieb, Chapter 7 Trustee
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367-4911

CSC Corporate Domains, Inc.
251 Little Falls Dr.
Wilmington, DE 19808-1674

Canon Financial Services Inc.
158 Gaither Dr.
Mount Laurel, NJ 08054-1716

Carla Davoody
c/o Moore Ruddell LLP
21250 Hawthorne Blvd., Suite 500
Torrance, CA 90503-5514

Carlo Davoody
c/o Moore Ruddell LLP
Howard D. Rudell, Esq.
21250 Hawthorne Blvd., Suite 500
Torrance, CA 90503-5514

Center West
10866 Wilshire Blvd., Ste 300
Los Angeles, CA 90024-4350

Center West
10877 Wilshire Blvd., Ste 300
Los Angeles, CA 90024-4311

City National Bank
PO BOX 60938
Los Angeles, CA 90060-0938

Connection Financial Services
2330 I-30
Mesquite, TX 75150-2720

Cypress Premium Funding
28202 Cabot Rd. Ste. 435
Laguna Niguel, CA 92677-1249

DE 16830 LLC
1299 Ocean Ave.
Santa Monica, CA 90401-1038

DE 16830, LLC
1299 Ocean Ave., Suite 1000
Santa Monica, CA 90401-1063

DE 16830, LLC
Douglas Emmett Management, agent
1299 Ocean Ave., Ste. 1000
Santa Monica, CA 90401-1063

DE 16830, LLC
c/o Sklar Kirsh, LLP
1880 Centura Park East, Suite 300
Los Angeles, CA 90067-1631

DE 16830, LLC, a Delaware limited liability
1299 Ocean Ave., Suite 1000
Santa Monica, CA 90401-1063

Datafaction Inc.
841 Apollo St.
El Segundo, CA 90245-4721

Douglas Emmet
1299 Ocean Ave
Santa Monica, CA 90401-1038

Douglas Emmett & Co.
808 Wilshire Blvd., 2nd Floor
Santa Monica, CA 90401-1889

Douglas Emmett Management, LLC
c/o Jennifer Reagan
Administrative Assistant
16830 Ventura Blvd., Ste 230
Encino, CA 91436-1723

(p)RISE LAW FIRM PC
8383 WILSHIRE BOULEVARD
SUITE 800
BEVERLY HILLS CA 90211-2440

| | | |
|---|---|---|
| Franchise Tax Board<br>Bankruptcy Section MS A340<br>PO BOX 2952<br>Sacramento CA 95812-2952 | Front App, Inc.<br>300 Montgomery St.<br>San Francisco, CA 94104-1902 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| Ideals Solutions Group<br>815 N. Royal St.<br>Alexandria, VA 22314-1777 | Jackson Lewis P.C.<br>c/of Kevin D. Reese, Esq.<br>50 California Street, 9th Floor<br>San Francisco, CA 94111-4615 | Jackson Lewis PC<br>1133 Westchester Ave Suite S125<br>West Harrison NY 10604-3580 |
| (p)KLAR CONSULTING LLC<br>ATTN LISA KLAR<br>197 SCHOOLHOUSE RD<br>STAATSBURG NY 12580-6234 | (p)LOS ANGELES COUNTY TREASURER AND TAX COLLE<br>ATTN BANKRUPTCY UNIT<br>PO BOX 54110<br>LOS ANGELES CA 90054-0110 | Leaf Capital Funding, LLC<br>2005 Market Street, 14th Fl<br>Philadelphia, PA 19103-7009 |
| Leaf Capital Funding, LLC<br>c/o Hemar, Rousso & Heald, LLP<br>Attn: Jennifer Witherell Crastz<br>15910 Ventura Blvd., 12th Floor<br>Encino, CA 91436-2813 | Leaf Funding<br>Insurance Service Center<br>PO Box 202124<br>Florence, SC 29502-2124 | Maintech, Inc.<br>14 Commerce Dr.<br>Clatskanie, OR 97016 |
| Nonyelum Nwasike<br>c/o Eliot J. Rushovich, Esq.<br>8383 Wilshire Blvd.,<br>Beverly Hills, CA 90211-2425 | Paracorp<br>PO Box 160568<br>Sacramento, CA 95816-0568 | Philip M. Lawrence II<br>c/o Law Offices of Robert M. Yaspan<br>21700 Oxnard Street, Suite 1750<br>Woodland Hills CA 91367-7593 |
| Rust August & Kabat<br>12424 Wilshire Blvd<br>Los Angeles, CA 90025-1031 | Sheridan Group<br>2045 Pontius Ave<br>Los Angeles, CA 90025-5613 | Silver Sea Analytics Co.<br>5/514 Hoang Hoa Tham St.<br>Tay Ho Disrtict 100000<br>Hanoi, Vietnam |
| Sklar Kirsh, LLP<br>1880 Century Park East<br>Los Angeles, CA 90067-1631 | TSJ Ark, LLC<br>10877 Wilshire Blvd. Suite 1550<br>Los Angeles, CA 90024-4351 | Thomas St. John Sweden AB<br>101 21<br>Stochholm Sweden |
| Tipalti Inc<br>1051 E Hillsdale Blvd. Ste. 600<br>San Mateo, CA 94404-1640 | Tipalti, Inc.<br>c/o Bialsonm Bergen & Schwab<br>Attn: Lawrence Schwab/Gaye Heck<br>830 Menlo Ave., Suite 201<br>Menlo Park, CA 94025-4734 | United States Trustee (LA)<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017-3560 |
| Wayne Kamemoto<br>c/o Nassiri & Jung LLP<br>Charles H. Jung, Esq.<br>707 Wilshire Blvd., 46th Floor<br>Los Angeles, CA 90017-3501 | Wolters Kluwer<br>PO Box 5729<br>Carol Stream, IL 60197-5729 | Zoom Video Communications<br>55 South Almaden Blvd<br>San Jose, CA 95113-1685 |
| Gregory Kent Jones (TR)<br>Stradling Yocca Carlson & Rauth<br>10100 N. Santa Monica Blvd., Suite 1400<br>Los Angeles, CA 90067-4140 | Michael Jay Berger<br>9454 Wilshire Blvd 6th Fl<br>Beverly Hills, CA 90212-2980 | Michael Jay Berger<br>Law Office of Michael Jay Berger<br>9454 Wilshire Blvd<br>6th Floor<br>Beverly Hills, CA 90212-2980 |

Robert M. Law Offices of Robert M. Yaspan
21700 Oxnard Street Suite 1750
Woodland Hills, CA 91367-7593

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Eliot Rushovich<br>8383 Wilshire Boulevard<br>Suite 800<br>Beverly Hills, CA 90211 | Klar Consulting LLC<br>197 Schoolhouse Road<br>Staatsburg, NY 12580 | LOS ANGELES COUNTY TREASURER AND TAX COLLECT<br>ATTN: BANKRUPTCY UNIT<br>PO BOX: 54110<br>LOS ANGELES, CA 90054-0110 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Courtesy NEF | (u)Exclaimer LTD<br>250 Fowler Ave<br>Farnborough GU14 7JP<br>United Kingom | (u)Thomas St. John Group Inc.<br>16-19 Eastcastle St<br>Fitzrovia W1W8DY |
| (u)Vinci Legal LTD<br>20 Grosvenor Place<br>London, SW1X7HN | End of Label Matrix<br>Mailable recipients   60<br>Bypassed recipients    4<br>Total                 64 | |