

RON BENDER (SBN 143364)
BETH ANN R. YOUNG (SBN 143945)
JEFFREY S. KWONG (SBN 288239)
JOSEPH M. ROTHBERG (SBN 286363)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyg.com; bry@lnbyg.com; jsk@lnbyg.com; jmr@lnbyg.com

Attorneys for David K. Gottlieb, Chapter 7
Trustee for the Bankruptcy Estate of Philip M. Lawrence, II

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DVISION

In re

THOMAS ST. JOHN INC.,

Debtor.

Case No. 1:25-bk-11641-BR
Chapter 11

**NOTICE OF STIPULATION AND STIPULATION FOR AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING AN EXAMINATION OF DEBTOR AND SUBPOENA TO BE ISSUED TO DEBTOR BY DAVID K. GOTTLIEB, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF PHILIP M. LAWRENCE, II**

[No Hearing Required Pursuant to Local Bankruptcy Rule 2004-1]

1

STIPULATION FOR 2004 EXAMINATION AND SUBOPOENA FOR DOCUMENTS TO DEBTOR
THOMAS ST. JOHN, INC.

1   TO THE HONORABLE BARRY RUSSEL, UNITED STATES BANKRUPTCY

2   JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL

3   INTERESTED PARTIES:

4          **PLEASE TAKE NOTICE** that Debtor Thomas St. John, Inc. (the "Debtor") and David

5   K. Gottlieb, the duly appointed Chapter 7 Trustee (the "Lawrence Trustee" or "Gottlieb") for the

6   bankruptcy estate of Philip M. Lawrence, II ("Lawrence"), which bankruptcy case is currently

7   pending in the Central District of California, Case No. 23-bk-11082-VK (the "Lawrence

8   Bankruptcy") hereby submits the attached Stipulation (the "Stipulation") for an entry of an order

9   substantially in the form attached hereto, pursuant to Rules 2004 and 9016 of the Federal Rules

10  of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Bankruptcy

11  Rules of the United States Bankruptcy Court for the Central District of California (the "Local

12  Rules"), authorizing the Liquidating Trustee to issue a Subpoena to attend oral examinations and

13  produce documents on Debtor.

14

15  DATED: April 30, 2025          LAW OFFICES OF MICHAEL J. BERGER

16

17                                 By:    _____

18                                        MICHAEL J. BERGER
                                          ANGELA N. GILL
19                                        Attorneys for Debtor Thomas St. John, Inc.

20  DATED:  April 30, 2025         LEVENE, NEALE, BENDER, YOO &

21                                 GOLUBCHICK L.L.P.

22                                 By:    _____

23                                        BETH ANN R. YOUNG
                                          JOSEPH M. ROTHBERG
24                                        Attorneys for David K. Gottlieb Chapter 7
                                          Trustee for the Estate of Third-Party Debtor
25                                        Philip M. Lawrence

26

27

28

STIPULATION FOR 2004 EXAMINATION AND SUBOPOENA FOR DOCUMENTS TO DEBTOR
THOMAS ST. JOHN, INC.

**STIPULATION FOR ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING DAVID K. GOTTLIEB, TRUSTEE OF THE BANKRUTPCY ESTATE OF PHILIP M. LAWRENCE II, TO ISSUE A SUBPOENA TO DEBTOR THOMAS ST. JOHN, INC. FOR THE PRODUCTION OF DOCUMETNS AND FOR AN EXAMINATION**

Debtor Thomas St. John Inc. ("Debtor") and David K. Gottlieb Chapter 7 Trustee (the "Lawrence Trustee" or "Gottlieb") for the bankruptcy estate of Philip M. Lawrence, II ("Lawrence"),[1] by and through their respective attorneys of record, enter into this stipulation (the "Stipulation"), premised on the following:

## I.    RECITALS

**WHEREAS,** this bankruptcy case was commenced by Debtor's filing of a petition for relief under Chapter 11 of Title 11 of the United States Code on February 28, 2025 (the "Petition Date");

**WHEREAS,** a separate Chapter 7 bankruptcy case had previously been filed on August 3, 2023 by Lawrence which bankruptcy case is captioned *In re Philip M. Lawrence II*, and is currently pending in the United States Bankruptcy Court for the Central District of California, Case No. 1:23-bk-11082-VK the ("Lawrence Bankruptcy");

**WHEREAS,** Gottlieb is the duly appointed Chapter 7 Trustee of the Lawrence Bankruptcy Estate;

**WHEREAS,** on March 31, 2025, Debtor confirmed during the 341(a) meeting of creditors that Debtor was formerly Lawrence's business manager, and at one time (1) held funds in trust for Lawrence, and (2) advised Lawrence on business matters, such as, *inter alia*, the sale of Lawerence's intellectual property, and loans that were made to Lawrence;

**WHEREAS,** Gottlieb is performing an ongoing investigation into the facts and circumstances surrounding the relationship between Debtor and Lawrence, which investigation requires the production of documents from Debtor and examination of Debtor's designated

---

[1] Debtor and Gottlieb shall be referred to herein individually as a "Party" and collectively as the "Parties."

STIPULATION FOR 2004 EXAMINATION AND SUBOPOENA FOR DOCUMENTS TO DEBTOR
THOMAS ST. JOHN, INC.

1  witnesses;

2      **WHEREAS,** the subpoena for documents requested to be served on Debtor by Mr.

3  Gottlieb is attached hereto and incorporated by reference herein as **Exhibit A** (the

4  "Subpoena").

5      **WHEREAS,** counsel for the Parties have met and conferred regarding the scope of the

6  document requests and the timing of the proposed examinations of Debtor's designated

7  witness.

8      **WHEREAS,** Parties have met and conferred and agree that Debtor has not waived any

9  objections concerning any document requests and the scope of the proposed examinations of

10  Debtor's designated witness.

11                          **II.    STIPULATION**

12      **NOW, THEREFORE**, in consideration of the foregoing and the mutual promises of the

13  Parties herein contained, the Parties hereby agree as follows:

14      1.    The above recitals are incorporated into and made a substantive part of this

15  Stipulation;

16      2.    Documents requested pursuant to Mr. Gottlieb's Subpoena to Debtor shall be due

17  by Friday, May 30, 2025;

18      3.    The oral examinations of the Debtor will take place within 14 days after

19  documents are produced by Debtor pursuant to the Subpoena issued by Mr. Gottlieb to Debtor,

20  at a time and place to be mutually agreed upon by counsel for Debtor and Mr. Gottlieb, which is

21  currently estimated to occur on or before June 10, 2025;

22      4.    To the extent that there are other parties who wish to attend and observe the oral

23  examination, the Parties do not object to the attendance and observation, but no other parties

24  shall be allowed to question the Debtor.

25      5.    The scope of the oral examination shall include the following topics:

26          a.    Accounts maintained by Debtor in the name of, for the benefit of, or in

27              trust for Lawrence from January 1, 2018 through the present.

28          b.    Debtor's books and records concerning Lawrence;

4

STIPULATION FOR 2004 EXAMINATION AND SUBOPOENA FOR DOCUMENTS TO DEBTOR
THOMAS ST. JOHN, INC.

c.     Lawrence's sale or licensing of Lawrence's IP and Library, including all payments received and any holdback amounts still owing;

d.     Any loans to or from Lawrence to or from "Verwest."

e.     Any loans to Lawrence from any other sources from January 1, 2018 to present.

f.     Communications between Debtor and Lawrence from January 1, 2018 to present.

g.     Communications between Debtor and Urbana Chapman Lawrence from January 1, 2018 to present.

h.     Lawrence's taxes from 2018 to present;

i.     Mutual interests in any corporate entities or partnerships by Debtor and Lawrence from January 1, 2018 to Present;

j.     Debtor's insurance policies;

k.     Complaints or Arbitration demands made against Debtor from January 1, 2018 to present;

l.     Debtor's proof of claim number 33 filed by Debtor in Lawrence' bankruptcy case.

6.     Counsel for the Debtor agrees to accept service of the Subpoena.

**WHEREFORE,** for the reasons set forth above, Debtor Thomas St. John Inc. and David K. Gottlieb, as the Trustee for the Bankruptcy Estate of Philip M. Lawrence II, jointly and respectfully requests this Honorable Court enter an order substantially in the form of the Proposed Order authorizing the David K. Gottlieb e to issue subpoenas to the Debtor  and for such other relief as this Honorable Court deems right and just.

[Signatures On Following Page]

STIPULATION FOR 2004 EXAMINATION AND SUBOPOENA FOR DOCUMENTS TO DEBTOR
THOMAS ST. JOHN, INC.

1  DATED: April 30, 2025                    LAW OFFICES OF MICHAEL J. BERGER

2

3                                          By: _____

4                                              MICHAEL J. BERGER
                                               ANGELA N. GILL
5                                              Attorneys for Debtor Thomas St. John, Inc.

6

7  DATED:  April 30, 2025                   LEVENE,     NEALE,     BENDER,     YOO     &
                                           GOLUBCHICK L.L.P.
8

9                                          By: _____
                                               BETH ANN R. YOUNG
10                                             JOSEPH M. ROTHBERG
                                               Attorneys for David Gottlieb Chapter 7 Trustee
11                                             for the Estate of Third-Party Debtor Philip M.
                                               Lawrence
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR 2004 EXAMINATION AND SUBOPOENA FOR DOCUMENTS TO DEBTOR
THOMAS ST. JOHN, INC.

**EXHIBIT A**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California _____

In re Thomas St. John Inc. _____     Case No. 1:25-bk-11641-BR _____

Debtor

Chapter 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Thomas St. John Inc. _____

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE<br>2818 La Cienega Avenue, Los Angeles, CA 90034 | DATE AND TIME<br>Tuesday, June 10, 2025<br>10:00 a.m. |
|---|---|

The examination will be recorded by this method: Stenographically and/or by video if videoconference methods used.

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attachment hereto. _____

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _April 30, 2025_____

CLERK OF COURT

OR

_____         _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
David K. Gottlieb as Ch. 7 Trustee for Philip M. Lawrence II , who issues or requests this subpoena, are:

Joseph Rothberg; jmr@LNBYG.com; (310) 229-1234

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .


☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or


☐ I returned the subpoena unexecuted because: _____

_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Attachment**

1  RON BENDER (SBN 143364)
   BETH ANN R. YOUNG (SBN 143945)
2  JEFFREY S. KWONG (SBN 288239)
   JOSEPH M. ROTHBERG (SBN 286363)
3  LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
   2818 La Cienega Avenue
4  Los Angeles, CA 90034
   Telephone: (310) 229-1234
5  Facsimile:  (310) 229-1244
   Email:  rb@lnbyg.com; bry@lnbyg.com; jsk@lnbyg.com; jmr@lnbyg.com
6
   Attorneys for David K. Gottlieb, Chapter 7
7  Trustee for the Bankruptcy Estate of Philip M. Lawrence, II

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                       **LOS ANGELES DVISION**

11

12 | In re                          | Case No. 1:25-bk-11641-BR
   |                                | Chapter 11
13 | THOMAS ST. JOHN INC.,          |
   |                                | **ATTACHMENT TO SUBPOENA TO**
14 |              Debtor.           | **DEBTOR THOMAS ST. JOHN INC.**
   |                                | **ISSUED BY DAVID K. GOTTLIEB**
15 |                                | **AS TRUSTEE FOR THE**
   |                                | **BANKRUPTCY ESTATE OF PHILP**
16 |                                | **M. LAWRENCE**

17                                    [No Hearing Required Pursuant to Local
                                      Bankruptcy Rule 2004-1]
18
                                      **Proposed Document Production**
19                                    **Date/Time**:
                                      Date:   May 30, 2025
20                                    Time:   10:00 a.m.

21                                    **Proposed Examination Date/Time**:
                                      Date:   June 10, 2025
22                                    Time:   10:00 a.m.
                                      Place:    Levene, Neale, Bender, Yoo &
23                                              Golubchik L.L.P.
                                              2818 La Cienega Ave.
24                                              Los Angeles, CA 90034

25

26

27

28

                                      1

## I.    DEFINITIONS

1.    The term "YOU" "YOUR" OR "SUBPOENAED PARTY" OR "DEBTOR" shall mean and refer to Debtor Thoms St. John Inc., or anyone purporting to act on its behalf.

2.    The term "LAWRENCE" shall mean and refer to PHILP M. LAWRENCE II, or anyone purporting to act on his behalf.

3.    The term "LAWRENCE BANKRUPTCY" shall mean and refer to the Debtor in the bankruptcy case captioned *In re Philip M. Lawrence II,* currently pending before the Central District of California, Case No. 1:23-bk-11082-VK.

4.    The term "GOTTLIEB" shall refer to the duly appointed Chapter 7 trustee in the LAWRENCE BANKRUPTCY, David K. Gottlieb or anyone purporting to act on his behalf.

5.    The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to communications between individual corporate respondents; correspondence; e-mails, facsimiles, notes, memoranda, summaries, and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications, brochures and diaries; time logs, daily planners, and log books; laboratory and engineering reports and notebooks; specifications or bills of materials; charts; plans; sketches; schematics; diagrams; drawings; and figures; blueprints and other engineering drawings; promotional proposals; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents, design registrations, and applications for any of them; patent appraisals and patentability or validity searches and studies; opinions of counsel; sales records, including purchase orders and invoices; reports and summaries of negotiations; pamphlets; catalogs and catalog sheets; advertisements; circulars; marketing materials and trade letters; press, publicity, trade and product releases; drafts of, or original, preliminary notes or marginal notations appearing on any document, including self-stick removable notes; other reports and records; computer tapes or cards and any other information-containing paper or other medium.

6.    The term "DOCUMENTS" shall refer to any writing, and includes, without limitation, the following items, whether handwritten, printed, recorded, filmed or produced by any other mechanical or electronic processes, whether or not asserted to be privileged or

2

immune from discovery and whether a master or original or copy: agreements, communications, including intra-company and all COMMUNICATIONS and communications between individual corporate respondents; correspondence; e-mails, facsimiles, notes, memoranda, summaries, and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications, brochures and diaries; time logs, daily planners, and log books; laboratory and engineering reports and notebooks; specifications or bills of materials; charts; plans; sketches; schematics; diagrams; drawings; and figures; blueprints and other engineering drawings; promotional proposals; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents, design registrations, and applications for any of them; patent appraisals and patentability or validity searches and studies; opinions of counsel; sales records, including purchase orders and invoices; reports and summaries of negotiations; pamphlets; catalogs and catalog sheets; advertisements; circulars; marketing materials and trade letters; press, publicity, trade and product releases; drafts of, or original, preliminary notes or marginal notations appearing on any document, including self-stick removable notes; other reports and records; computer tapes or cards and any other information-containing paper or other medium.

7.    The term "PERSON" shall mean and refer to any natural person, or any corporate business entity including but not limited to any corporation, limited liability company, partnership, limited partnership, or fictitious business name.

8.    The term "POSSESSION, CUSTODY, or CONTROL" applies to (a) a DOCUMENT in YOUR physical custody; (b) a DOCUMENT that YOU own in whole or in part; (c) a DOCUMENT that YOU have the right by contract, statute, or otherwise to use, inspect, examine, or copy on any terms; (d) a DOCUMENT for which YOU have any understanding (express or implied) that YOU may use, examine, or copy on any terms; or a DOCUMENT that YOU have, as a practical matter, the ability to use, inspect, examine, or copy.

9.    The terms "EVIDENCING," "CONCERNING," "RELATED TO," or "RELATING," and any variants thereof as used herein shall be construed in their broadest sense to mean connected to, referencing, referring to, or identifying, evidencing, constituting,

3

ATTACHMENT TO SUBPOENA TO THOMAS ST. JOHN INC.

respecting, concerning, pertaining to, based upon, stating, establishing, showing, supporting, contradicting, describing, recording, noting, reflecting, embodying, memorializing, containing, mentioning, studying, analyzing, or discussing, either directly or indirectly, any subject matter contained in a request or any DOCUMENT regarding subject matter contained in a request.

**II.    INSTRUCTIONS**

1.    In producing these DOCUMENTS, YOU are required to furnish all DOCUMENTS in YOUR possession, ownership, custody or control, actual or constructive.

2.    The DOCUMENTS produced in response to this request must not be redacted or altered in any manner.

3.    The DOCUMENTS produced in response to this request shall be segregated and clearly marked or labeled as to the specific request to which such DOCUMENTS are responsive and are being produced.  Otherwise, such DOCUMENTS shall be produced as they are kept in the usual course of business, including the production of the files from which such DOCUMENTS are taken.

4.    If any of these DOCUMENTS cannot be produced in full, YOU are requested to produced them to the fullest extent possible, specifying clearly the reasons for YOUR inability to produce the remainder and stating whatever information, knowledge, or belief YOU have concerning the unproduced DOCUMENTS.

5.    If any of the DOCUMENTS requested were at one time in existence, but no longer are, so state and specify for each DOCUMENT:  (a) the type of DOCUMENT, (b) the type of information once contained therein, (c) the date upon which it ceased to exist, (d) the circumstance under which it ceased to exist, (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist and (f) the identify of all persons having knowledge or who had knowledge of the contents thereof.

**III.   DOCUMENT REQUESTS**

1.    All bank statements (or other comparable report(s)) or DOCUMENTS referring, relating, or appertaining to the amounts paid to LAWRENCE or made on his behalf by DEBTOR from January 1, 2018 through the present;

4

2.     All DOCUMENTS referring, relating, or appertaining to any accounts that DEBTOR maintained for LAWRENCE from January 1, 2018 through the present;

3.     All DOCUMENTS referring, relating, or appertaining to any funds that DEBTOR held in trust for LAWRENCE from January 1, 2018 to present;

4.     All COMMUNICATIONS between DEBTOR and LAWRENCE between January 1, 2018 to present;

5.     All COMMUNICATIONS between DEBTOR and Urbana Chapa Lawrence between January 1, 2018 to present;

6.     All DOCUMENTS referring, relating, or appertaining to any tax returns filed by LAWRENCE between January 1, 2018 to present;

7.     All COMMUNICATIONS referring, relating, or appertaining to any tax returns filed by LAWRENCE between January 1, 2018 to present;

8.     All COMMUNICATIONS referring, relating, or appertaining to any tax liabilities incurred by LAWRENCE between January 1, 2018 to present;

9.     All COMMUNICATIONS referring, relating, or appertaining to any tax advice DEBTOR provided to LAWRENCE between January 1, 2018 to present;

10.    All DOCUMENTS referring, relating, or appertaining to any tax strategizes presented by DEBTOR to LAWRENCE between January 1, 2018 to present;

11.    All COMMUNICATIONS dated from January 1, 2018 to present between DEBTOR and the company identified by DEBTOR as "Verwest" on the Catalogue Sale Ledger DEBTOR provided to LAWRENCE;

12.    All DOCUMENTS referring relating, or appertaining to any loans made to LAWRENCE between January 1, 2018 to present;

13.    All DOCUMENTS referring, relating, or appertaining to any loan applications made on behalf of LAWRENCE between January 1, 2018 to present;

14.    All COMMUNICATIONS between DEBTOR and any person referring, relating, or appertaining to any loans made to LAWRENCE between January 1, 2018 to present;

5

ATTACHMENT TO SUBPOENA TO THOMAS ST. JOHN INC.

15.    All COMMUNICATIONS with any person referring, relating, or appertaining to any purchase offers made by any person for any of LAWRENCE's intellectual property between January 1, 2018 to present;

16.    All DOCUMENTS referring, relating, or appertaining to the sale of any of LAWRENCE's intellectual property between January 1, 2018 to present;

17.    All COMMUNICATIONS between DEBTOR and any person referring, relating, or appertaining to the sale of any of LAWRENCE's intellectual property between January 1, 2018 to present;

18.    All COMMUNICATIONS with any person referring, relating, or appertaining to any licensing offers made by any person for any of LAWRENCE's intellectual property between January 1, 2018 to present;

19.    All DOCUMENTS referring, relating, or appertaining to the licensing of any of LAWRENCE's intellectual property between January 1, 2018 to present;

20.    All COMMUNICATIONS between DEBTOR and any person referring, relating, or appertaining to the licensing of any of LAWRENCE's intellectual property between January 1, 2018 to present;

21.    All COMMUNICATIONS between DEBTOR and Tempo Music Investments, LLC, referring, relating, or appertaining to LAWRENCE's from January 1, 2018 to present;

22.    All DOCUMENTS referring, relating, or appertaining to any ownership interest in any business entity obtained by LAWRENCE from January 1, 2018 to present;

23.    All COMMUNICATIONS referring, relating, or appertaining to any ownership interest in any business entity obtained by LAWRENCE from January 1, 2018 to present;

24.    All COMMUNICATIONS between LAWRENCE and the DEBTOR referring, relating, or appertaining to any transfers of funds from January 1, 2018 to present;

25.    All DOCUMENTS referring, relating, or appertaining to any insurance policies insuring DEBTOR from January 1, 2018 to present;

26.    All DOCUMENTS referring, relating, or appertaining to any of DEBTOR'S claims on insurance policies from January 2018 to present;

6

ATTACHMENT TO SUBPOENA TO THOMAS ST. JOHN INC.

27. All non-privileged DOCUMENTS referring, relating, or appertaining to any pending lawsuit, arbitration, or other legal action against DEBTOR from January 1, 2018 to present;

28. All DOCUMENTS representing any ledgers you kept concerning funds held in trust by DEBTOR for LAWRENCE from January 1, 2018 to present;

29. All DOCUMENTS representing any accounts you kept concerning funds held in trust by DEBTOR for LAWRENCE from January 1, 2018 to present;

30. All DOCUMENTS referring, relating, or appertaining to any transfers of funds held in trust by DEBTOR for LAWRENCE from January 1, 2018 to present;

31. All DOCUMENTS referring, relating, or appertaining to any joint ventures between DEBTOR and LAWRENCE;

32. All COMMUNICATIONS referring, relating, or appertaining to any joint ventures between DEBTOR and LAWRENCE;

33. All DOCUMENTS referring, relating, or appertaining to any partnerships between DEBTOR and LAWRENCE;

34. All COMMUNICATIONS referring, relating, or appertaining to any partnerships between DEBTOR and LAWRENCE;

35. All DOCUMENTS referring, relating, or appertaining to any corporate entities jointly owned by DEBTOR and LAWRENCE;

36. All COMMUNICATIONS referring, relating, or appertaining to any corporate entities jointly owned by DEBTOR and LAWRENCE;

37. All DOCUMENTS referring, relating, or appertaining to any corporate entities formed by DEBTOR on behalf of LAWRENCE;

38. All COMMUNICATIONS referring, relating, or appertaining to any corporate entities formed by DEBTOR on behalf of LAWRENCE;

39. All DOCUMENTS referring, relating, or appertaining to any bank accounts opened by DEBTOR on behalf of LAWRENCE;

ATTACHMENT TO SUBPOENA TO THOMAS ST. JOHN INC.

40.    All COMMUNICATIONS concerning any corporate entities bank accounts opened by DEBTOR on behalf of LAWRENCE;

41.    All DOCUMENTS referring, relating, or appertaining to DEBTOR' proof of claim number 33 filed by DEBTOR in the bankruptcy case for LAWRENCE;

DATED: April 30, 2025    LEVENE,    NEALE,    BENDER,    YOO    &
GOLUBCHICK L.L.P.

By: _____
   BETH ANN R. YOUNG
   JOSEPH M. ROTHBERG
   Attorneys for David Gottlieb Chapter 7 Trustee
   for the Estate of Third-Party Debtor Philip M.
   Lawrence

8

ATTACHMENT TO SUBPOENA TO THOMAS ST. JOHN INC.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 2818 La Cienega Avenue, Los Angeles, California 90034.

A true and correct copy of the foregoing document entitled **Notice Of Stipulation And Stipulation For An Order Pursuant To Federal Rule Of Bankruptcy Procedure 2004 Authorizing An Examination Of Debtor And Subpoena To Be Issued To Debtor By David K. Gottlieb, Chapter 7 Trustee For The Bankruptcy Estate Of Philip M. Lawrence, II** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 30, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender    rb@lnbyg.com**
- **Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com**
- **Debra Brand    dbrand@yaspanlaw.com**
- **Jennifer Witherell Crastz    jcrastz@hrhlaw.com**
- **Stella A Havkin    stella@havkinandshrago.com, shavkinesq@gmail.com**
- **Gaye N Heck    gheck@bbslaw.com**
- **Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com**
- **Jeffrey S Kwong    jsk@lnbyg.com, jsk@ecf.inforuptcy.com**
- **Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com**
- **Ron Maroko    ron.maroko@usdoj.gov**
- **Howard Ruddell    hruddell@mooreruddell.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

**2. SERVED BY UNITED STATES MAIL**: On **April 30, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 30, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 30, 2025 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**