MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: 1.310.271.6223 | F: 1.310.271.9805
E: michael.berger@bankruptcypower.com

Attorney for Debtor-in-Possession, Thomas St. John Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>THOMAS ST. JOHN, INC.,<br><br>Debtor. | Case No.: 2:25-bk-11641-BR<br><br>Chapter 11 (Subchapter V)<br><br>**DEBTOR'S OPPOSITION TO AMENDED MOTION FOR ORDER EXTENDING THE BAR DATE FOR THE TRUSTEE TO FILE PROOFS OF CLAIM; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF**<br><br>Hearing:<br>Date: May 20, 2025<br>Time: 10:00 a.m.<br>Court: 1668<br>Place: 255 E. Temple Street<br>       Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, TO THE UNITED STATES TRUSTEE, SUBCHAPTER V TRUSTEE, ALL AND ALL OTHER PARTIES IN INTEREST:**

Thomas St. John, Inc. ("Debtor") hereby submits its opposition to the Motion and Amended Motion for Order Extending the Bar Date for the Trustee to File Proofs of Claim.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BRIEF STATEMENT OF RELEVANT FACTS

1. On February 28, 2025, (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code. (Dkt. 1).

2. On March 7, 2025, Debtor filed a motion to set last day to file proofs of claim. (Dkt. 11).

3. On March 10, 2025, the court entered an order setting April 25, 2025, as the general bar date for filing proofs of claim pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 3003 and Local Bankruptcy Rule (LBR) 3003. (Dkt. 12).

4. On April 24, 2025, David K. Gottlieb, Chapter 7 Trustee for the Bankruptcy Estate of Philip M. Lawrence, II, (the "Lawrence Trustee") filed a motion and amended motion for order extending the bar date to file proofs of claim. (Dkt. 41, 43).

5. On April 25, 2025, the current claims filing deadline, the Bankruptcy Estate of Philip M. Lawrence, II, filed proof of claim number 14-1 on the court's claims register. (Attached hereto is a true and correct copy of Claim No. 14-1, filed on April 25, 2025 as "Exhibit A").

6. The initial status conference is scheduled for May 13, 2025 at 10:00 a.m.

## II. ARGUMENT

**A. The Lawrence Trustee's Motion Should Be Denied as Moot Because He Already Filed a Proof of Claim.**

11 U.S.C. §502 states in relevant part:

(c) There shall be estimated for purpose of allowance under this section –

(1) Any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case;

The proof of claim filed on April 25, 2025 by the Estate of Philip Lawrence appears to be an estimated claim pursuant to 11 U.S.C. §502(c). The addendum attached to the proof of claim states that Trustee reserves the right to "amend, update, or supplement this proof of claim at any time and in any respect." (Exhibit A, at p.4). Since it was timely filed by current bar date, April 25, 2025, the motion for an order extended the claims bar date is unnecessary and should be denied as moot.

**B. Cause Does Not Exist to Extend the Claims Bar Date.**

The Lawrence Trustee argues that the Debtor's notice of claims bar date was not served on the Lawrence Trustee or his counsel. Debtor had no reason to serve the Lawrence Trustee with the notice of claims bar date. Debtor did not list the Lawrence Trustee as a creditor. The Lawrence Trustee has not demonstrated that the Lawrence estate has an existing claim against Debtor's estate, but intends to investigate. The Lawrence Trustee may conduct such an investigation, and the Debtor has in fact stipulated to a 2004 examination. (Dkt. 50). The fact that Debtor did not serve the notice of bar date on the Lawrence Trustee is not cause for extending the claims bar date.

The Lawrence Trustee has already filed an estimated proof of claim on behalf of the Bankruptcy Estate of Philip Lawrence, II, by the applicable deadline of April 25, 2025. (Claim No. 14-1). The motion to extend the bar date requests that the bar date be extended not to file a single proof of claim, but rather to be able to file "proofs" of claim until August

25, 2025, with subsequent extensions. (Dkt. 41 at p. 8). Likewise, the addendum to the existing, filed proof of claim states that the Trustee reserves "any and all rights" to "file additional proofs of claim." ("Exhibit A" at p. 4). This request is overbroad, unnecessary, and lacks justification under the bankruptcy code or rules.

### III. CONCLUSION

Based upon the foregoing, Debtor respectfully requests this Court:

1) Deny the Lawrence Trustee's motion to extend the bar date as moot;

2) Deny the Lawrence Trustee's motion to extend the deadline for the Trustee to file multiple "proofs" of claim to August 25, 2025 for lack of good cause;

3) Deny the Lawrence Trustee's motion to seek future extensions of the claims bar date for lack of good cause;

4) Grant the Trustee's motion only to the extent that it seeks an order allowing Claim No. 14-1 as "protective" claim which may be amended after the Trustee completes his investigation.

Dated: May 6, 2025                    **LAW OFFICES OF MICHAEL JAY BERGER**

By: /s/ Michael J. Berger
Michael Jay Berger
Attorney for Debtor
Thomas St. John, Inc.

## DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare and state as follows

1. I am an attorney at law, authorized to practice before the Federal Courts in the Central District and before this court. I have personal knowledge of the facts set forth herein and if called to testify as to those facts, I could and would competently do so.

2. I am the principal attorney at the Law Office of Michael Jay Berger, the firm that represents Thomas St. John, Inc., the Debtor in this bankruptcy case.

3. Attached hereto as "Exhibit A", and incorporated herein by this reference, is a true and correct copy of proof of claim number 14-1 filed by the Lawrence Trustee on behalf of the Bankruptcy Estate of Philip Lawrence, II, by the applicable claims bar date on April 25, 2025.

4. Debtor has stipulated to a 2004 examination with the Lawrence Trustee. A true and correct copy of the Stipulation is attached hereto as "Exhibit B."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed on May 6, 2025 at Beverly Hills, California.

/s/ Michael J. Berger<br>
Michael Jay Berger<br>
Attorney for Debtor<br>
Thomas St. John, Inc.

# EXHIBIT A

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Thomas St. John, Inc. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 2:25-bk-11641-BR |

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Bankruptcy Estate of Philip M. Lawrence, II (Case No. 1:23-bk-11082-VK)
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name: David K. Gottlieb, Chapter 7 Trustee for the Estate of Philip M. Lawrence, II
Number Street: 21650 Oxnard Street, Suite 500
City: Woodland Hills, CA   State: CA   ZIP Code: 91367
Contact phone: (818)539-7720
Contact email: dgottlieb@dkgallc.com

Where should payments to the creditor be sent? (if different)

Name: c/o Jeffrey S. Kwong, LNBYG
Number Street: 2818 La Cienega Ave.
City: Los Angeles   State: CA   ZIP Code: 90034
Contact phone: (310)229-1234
Contact email: JSK@LNBYG.COM

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/_____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                                   Proof of Claim                                   page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**    $ _____TBD_____ . Does this amount include interest or other charges?

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Please see attached Addendum.

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $ _____
Amount of the claim that is secured:    $ _____
Amount of the claim that is unsecured:    $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $ _____

Annual Interest Rate (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.    $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No  ☐ Yes. *Check one:*                                                                                                                                                                            **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.    $_____

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  04/25/2025
                  MM / DD / YYYY

*[Signature]*
Signature

Print the name of the person who is completing and signing this claim:

Name           David K. Gottlieb
               First name    Middle name    Last name

Title          David K. Gottlieb, Chapter 7 Trustee for the

Company        Estate of Philip M. Lawrence, II
               Identify the corporate servicer as the company if the authorized agent is a servicer.

Address        21650 Oxnard Street, Suite 500
               Number    Street
               Woodland Hills                          CA    91367
               City                                    State    ZIP Code

Contact phone  (818)539-7720                           Email  dgottlieb@dkgallc.com

Official Form 410                    Proof of Claim                    page 3

## ADDENDUM TO PROOF OF CLAIM

The attached proof of claim is submitted by David K. Gottlieb, solely in his capacity as Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Lawrence Estate") of Philip M. Lawrence, II (the "Lawrence"). Lawrence is a Grammy winning songwriter, record producer, and performer. Lawrence's amended bankruptcy schedules [Bankr. C.D. Cal. Case No. 23-bk-11082-VK, Doc. No. 218, page 11 of 67] list "Claims" against "Accountant Thomas St. John" with an "Unknown" value as an asset of the Lawrence Estate. The Trustee is still investigating the Lawrence Estate's potential claims against Thomas St. John, Inc. (the debtor in this case, "TSJ") and its principal, Thomas St. John.

Prior to the commencement of the Lawrence bankruptcy case, TSJ and Mr. St. John were retained as Mr. Lawrence's accountant and business manager. The Trustee has been informed that TSJ and/or Mr. St. John: (1) had almost full control over Mr. Lawrence's personal finances and bank accounts; (2) obtained a commission from, was in charge of disbursements related to, and helped Mr. Lawrence with the sale of his catalogue of songs for approximately $90 million in 2021 (the "Catalogue Sale"); (3) advised Mr. Lawrence not to pay the taxes resulting from the Catalogue Sale, resulting in an enormous unpaid tax liability for Mr. Lawrence; (4) entered into transactions directly with Mr. Lawrence, including a transaction where Mr. Lawrence transferred his interests in an entity named Dun & Dun LLC to Mr. St. John; and (5) received property transfers from Mr. Lawrence totaling millions of dollars, some of which may constitute transfers that are avoidable under the Bankruptcy Code. The Trustee is currently investigating, and has no personal knowledge of these facts and has filed the attached proof of claim out of the abundance of caution to preserve the Lawrence Estate's rights, if any, subject to the Trustee's investigation.

This claim is not intended to be, and shall not be construed as: (1) an election of remedies; (2) a waiver of defaults; or (3) a waiver of limitation on any rights, remedies, claims, or interests. The Trustee reserves any and all rights (and any other claims it may file in the Debtor's bankruptcy case), including, but not limited to, the right to (a) amend, update, or supplement this proof of claim at any time and in any respect; and (b) file additional proofs of claim.

# EXHIBIT B

```
 1  RON BENDER (SBN 143364)
    BETH ANN R. YOUNG (SBN 143945)
 2  JEFFREY S. KWONG (SBN 288239)
    JOSEPH M. ROTHBERG (SBN 286363)
 3  LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
    2818 La Cienega Avenue
 4  Los Angeles, CA 90034
    Telephone: (310) 229-1234
 5  Facsimile: (310) 229-1244
    Email: rb@lnbyg.com; bry@lnbyg.com; jsk@lnbyg.com; jmr@lnbyg.com
 6
    Attorneys for David K. Gottlieb, Chapter 7
 7  Trustee for the Bankruptcy Estate of Philip M. Lawrence, II
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>THOMAS ST. JOHN INC.,<br><br>Debtor. | Case No. 1:25-bk-11641-BR<br>Chapter 11<br><br>**NOTICE OF STIPULATION AND STIPULATION FOR AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING AN EXAMINATION OF DEBTOR AND SUBPOENA TO BE ISSUED TO DEBTOR BY DAVID K. GOTTLIEB, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF PHILIP M. LAWRENCE, II**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 2004-1] |

---

1

STIPULATION FOR 2004 EXAMINATION AND SUBPOENA FOR DOCUMENTS TO DEBTOR
THOMAS ST. JOHN, INC.

TO THE HONORABLE BARRY RUSSEL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Debtor Thomas St. John, Inc. (the "Debtor") and David K. Gottlieb, the duly appointed Chapter 7 Trustee (the "Lawrence Trustee" or "Gottlieb") for the bankruptcy estate of Philip M. Lawrence, II ("Lawrence"), which bankruptcy case is currently pending in the Central District of California, Case No. 23-bk-11082-VK (the "Lawrence Bankruptcy") hereby submits the attached Stipulation (the "Stipulation") for an entry of an order substantially in the form attached hereto, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"), authorizing the Liquidating Trustee to issue a Subpoena to attend oral examinations and produce documents on Debtor.

DATED: April 30, 2025      LAW OFFICES OF MICHAEL J. BERGER

By: /s/ A. Gill
MICHAEL J. BERGER
ANGELA N. GILL
Attorneys for Debtor Thomas St. John, Inc.

DATED: April 30, 2025      LEVENE, NEALE, BENDER, YOO &
GOLUBCHICK L.L.P.

By: /s/
BETH ANN R. YOUNG
JOSEPH M. ROTHBERG
Attorneys for David K. Gottlieb Chapter 7 Trustee for the Estate of Third-Party Debtor Philip M. Lawrence

**STIPULATION FOR ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING DAVID K. GOTTLIEB, TRUSTEE OF THE BANKRUTPCY ESTATE OF PHILIP M. LAWRENCE II, TO ISSUE A SUBPOENA TO DEBTOR THOMAS ST. JOHN, INC. FOR THE PRODUCTION OF DOCUMETNS AND FOR AN EXAMINATION**

Debtor Thomas St. John Inc. ("Debtor") and David K. Gottlieb Chapter 7 Trustee (the "Lawrence Trustee" or "Gottlieb") for the bankruptcy estate of Philip M. Lawrence, II ("Lawrence"),[1] by and through their respective attorneys of record, enter into this stipulation (the "Stipulation"), premised on the following:

## I.  RECITALS

**WHEREAS,** this bankruptcy case was commenced by Debtor's filing of a petition for relief under Chapter 11 of Title 11 of the United States Code on February 28, 2025 (the "Petition Date");

**WHEREAS,** a separate Chapter 7 bankruptcy case had previously been filed on August 3, 2023 by Lawrence which bankruptcy case is captioned *In re Philip M. Lawrence II*, and is currently pending in the United States Bankruptcy Court for the Central District of California, Case No. 1:23-bk-11082-VK the ("Lawrence Bankruptcy");

**WHEREAS,** Gottlieb is the duly appointed Chapter 7 Trustee of the Lawrence Bankruptcy Estate;

**WHEREAS,** on March 31, 2025, Debtor confirmed during the 341(a) meeting of creditors that Debtor was formerly Lawrence's business manager, and at one time (1) held funds in trust for Lawrence, and (2) advised Lawrence on business matters, such as, *inter alia*, the sale of Lawerence's intellectual property, and loans that were made to Lawrence;

**WHEREAS,** Gottlieb is performing an ongoing investigation into the facts and circumstances surrounding the relationship between Debtor and Lawrence, which investigation requires the production of documents from Debtor and examination of Debtor's designated

---

[1] Debtor and Gottlieb shall be referred to herein individually as a "Party" and collectively as the "Parties."

witnesses;

**WHEREAS**, the subpoena for documents requested to be served on Debtor by Mr. Gottlieb is attached hereto and incorporated by reference herein as **Exhibit A** (the "Subpoena").

**WHEREAS**, counsel for the Parties have met and conferred regarding the scope of the document requests and the timing of the proposed examinations of Debtor's designated witness.

**WHEREAS**, Parties have met and conferred and agree that Debtor has not waived any objections concerning any document requests and the scope of the proposed examinations of Debtor's designated witness.

## II.    STIPULATION

**NOW, THEREFORE**, in consideration of the foregoing and the mutual promises of the Parties herein contained, the Parties hereby agree as follows:

1. The above recitals are incorporated into and made a substantive part of this Stipulation;

2. Documents requested pursuant to Mr. Gottlieb's Subpoena to Debtor shall be due by Friday, May 30, 2025;

3. The oral examinations of the Debtor will take place within 14 days after documents are produced by Debtor pursuant to the Subpoena issued by Mr. Gottlieb to Debtor, at a time and place to be mutually agreed upon by counsel for Debtor and Mr. Gottlieb, which is currently estimated to occur on or before June 10, 2025;

4. To the extent that there are other parties who wish to attend and observe the oral examination, the Parties do not object to the attendance and observation, but no other parties shall be allowed to question the Debtor.

5. The scope of the oral examination shall include the following topics:
   a. Accounts maintained by Debtor in the name of, for the benefit of, or in trust for Lawrence from January 1, 2018 through the present.
   b. Debtor's books and records concerning Lawrence;

|   |   |    |
|---|---|----|
| 1 | c. | Lawrence's sale or licensing of Lawrence's IP and Library, including all payments received and any holdback amounts still owing; |
| 3 | d. | Any loans to or from Lawrence to or from "Verwest." |
| 4 | e. | Any loans to Lawrence from any other sources from January 1, 2018 to present. |
| 6 | f. | Communications between Debtor and Lawrence from January 1, 2018 to present. |
| 8 | g. | Communications between Debtor and Urbana Chapman Lawrence from January 1, 2018 to present. |
| 10 | h. | Lawrence's taxes from 2018 to present; |
| 11 | i. | Mutual interests in any corporate entities or partnerships by Debtor and Lawrence from January 1, 2018 to Present; |
| 13 | j. | Debtor's insurance policies; |
| 14 | k. | Complaints or Arbitration demands made against Debtor from January 1, 2018 to present; |
| 16 | l. | Debtor's proof of claim number 33 filed by Debtor in Lawrence' bankruptcy case. |

6. Counsel for the Debtor agrees to accept service of the Subpoena.

**WHEREFORE**, for the reasons set forth above, Debtor Thomas St. John Inc. and David K. Gottlieb, as the Trustee for the Bankruptcy Estate of Philip M. Lawrence II, jointly and respectfully requests this Honorable Court enter an order substantially in the form of the Proposed Order authorizing the David K. Gottlieb e to issue subpoenas to the Debtor and for such other relief as this Honorable Court deems right and just.

[Signatures On Following Page]

5

STIPULATION FOR 2004 EXAMINATION AND SUBOPOENA FOR DOCUMENTS TO DEBTOR THOMAS ST. JOHN, INC.

| | |
|---|---|
| DATED: April 30, 2025 | LAW OFFICES OF MICHAEL J. BERGER |
| | By: *(signature)* |
| | MICHAEL J. BERGER |
| | ANGELA N. GILL |
| | Attorneys for Debtor Thomas St. John, Inc. |
| | |
| DATED: April 30, 2025 | LEVENE, NEALE, BENDER, YOO & GOLUBCHICK L.L.P. |
| | By: *(signature)* |
| | BETH ANN R. YOUNG |
| | JOSEPH M. ROTHBERG |
| | Attorneys for David Gottlieb Chapter 7 Trustee for the Estate of Third-Party Debtor Philip M. Lawrence |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO AMENDED MOTION FOR ORDER EXTENDING THE BAR DATE FOR THE TRUSTEE TO FILE PROOFS OF CLAIM; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/6/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Interested Party: Ron Bender    rb@lnbyg.com
Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Interested Party: Debra Brand    dbrand@yaspanlaw.com
Leaf Capital Funding Jennifer Witherell Crastz    jcrastz@hrhlaw.com
Counsel for Center West: Stella A Havkin    stella@havkinandshrago.com, shavkinesq@gmail.com
Subchapter V Trustee: Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
Counsel for Estate of Phillip Lawrence, II: Jeffrey S Kwong    jsk@lnbyg.com, jsk@ecf.inforuptcy.com
Interested Party: Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
U.S. Trustee: Ron Maroko    ron.maroko@usdoj.gov
Interested Parties Howard Ruddell    hruddell@mooreruddell.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Gaye N Heck    gheck@bbslaw.com
Counsel for David Gottlieb Chapter 7 Trustee: Joseph M Rothberg    jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 5/6/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
David Gottlieb, Chapter 7 Trustee for the Estate of Philip M. Lawrence II
21650 Oxnard St., Ste. 500
Woodland Hills, CA 91367

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 4/29/2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/6/2025 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE