| Attorney or Party Name, Address, Telephone & Fax Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael Jay Berger (SBN 100291)<br>Sofya Davtyan (SBN 259544)<br>Law Offices of Michael Jay Berger<br>9454 Wilshire Blvd., 6th Fl.,<br>Beverly Hills, CA 90212<br>Tel.: (310) 271-6223<br>Fax: (310) 271-9805<br>E-mail: Michael.Berger@bankruptcypower.com<br>E-mail: Sofya.Davtyan@bankruptcypower.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorneys for:*   **Thomas St. John, Inc.** | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>THOMAS ST. JOHN, INC. | CASE NO. **2:25-bk-11641-BR**<br><br>CHAPTER 11<br>(Subchapter V) |
|---|---|
| | **SUBCHAPTER V STATUS REPORT** |
| | **Status Conference:**<br><br>DATE: Oct. 7, 2025<br>TIME: 10:00 a.m.<br>COURTROOM: 1668 |

**Status Conference Location:**

☒  255 East Temple Street, Los Angeles, CA 90012

☐  411 West Fourth Street, Santa Ana, CA 92701

☐  21041 Burbank Boulevard, Woodland Hills, CA 91367

☐  1415 State Street, Santa Barbara, CA 93101

☐  3420 Twelfth Street, Riverside, CA 92501

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Nwasike v. Thomas St. John Inc., et al. pending in Los Angeles Superior Court (case no. 21STCV17058); Plaintiff filed a proof of claim in this case (claim no. 5-1), which is unsecured, unliquidated and disputed, for $8,000,000.

Kamemoto v. Thomas St. John Inc.: this claim is for an alleged breach of employment agreement and was in arbitration with JAMS (case no. 5220003387) pre-petition. Claimant has filed a proof of claim (claim no. 13-1) in the amount of $796,909.60, which unsecured, unliquidated and disputed.

Davoody v. Thomas St. John Inc., pending in Los Angeles Superior Court (case no 25STCV04143); Claimant filed a proof of claim (claim no. 9-1) in this case which is unsecured and disputed, for $54,157.94.

2.    **Efforts Towards Consensual Plan:**[5]

2.1    Describe the efforts the Debtor has taken so far to obtain the consent of creditors for a consensual plan:

Debtor filed a Chapter 11 Plan on April 29, 2025. Debtor is the process of engaging new counsel. Debtor will continue to pursue confirmation of a plan.

2.2    Describe the efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan:

The efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan will involve continued discussions and negotiations with the creditors, including mediation if all parties agree.

2.3    Describe the efforts that Debtor has taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtor's reasons for not reaching out to creditors and parties in interest about a plan:

Debtor has filed a stipulation to reject the lease at 10877 Wilshire Blvd. and reached a stipulation to reject the lease in Encino.

2.4    Identify the parties with whom the Debtor has discussed a plan? Select all that apply:

☐ Secured creditors
☐ Priority creditors
☐ Unsecured creditors
☐ Equity interest holders
☐ The subchapter V trustee
☒ Others (describe:) Landlords for office space in Los Angeles and Encino.

3.    **Appointment of Committees and Disclosure Statement:**

3.1    In the Debtor's view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

☐ Yes
☒ No

Explain your answer:

3.2    In the Debtor's view, is there any "cause" for the Court to order the filing of

---

[5] This Status Report does not ask the Debtor to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

☐ Yes
☒ No

Explain your answer:

4.    **Reporting Compliance:**

4.1    Has the Debtor filed all the documents required under § 1187(a)?[6]

☐ Yes
☒ No

If "No," identify the documents that were required to be filed[7] but were not:

☒ (a) the Debtor's most recent balance sheet
☒ (b) the most recent statement of the Debtor's operations
☒ (c) the Debtor's most recent cash-flow statement
☒ (d) the Debtor's most recent Federal income tax return

Has the Debtor filed a statement under penalty of perjury that the Debtor
has not prepared a balance sheet, statement of operations, and/or cash-
flow statement and/or that Debtor has not filed its Federal income tax
return as required by § 1116(1)(B)?

☒ Yes
☐ No
☐ Not applicable

If "Yes," identify each unprepared or unfiled document, and explain why
the document was not prepared or filed and how the Debtor intends to
prepare or file the document: Debtor is working with its accountant on the statement of operation and the most recent
cash-flow statement.

4.2    Has the Debtor filed all Small Business Monthly Operating Reports
(Official Form B 425C) ("MORs") as required under § 308?

☐ Yes
☒ No

If "No," or if portions of the MORs are deficient, identify which portions are
deficient or not reported fully:

☐ (a) Reports regarding Debtor's profitability
☐ (b) Reports regarding reasonable approximations of projected
cash receipts and disbursements over a reasonable period
☐ (c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports
☐ (d) Reports regarding whether the Debtor is (i) in compliance in all
material respects with postpetition requirements imposed by the
Bankruptcy Code and the Federal Rules of Bankruptcy Procedure,
and (ii) timely filing tax returns and other required government
filings and paying taxes and other administrative expenses when
due
☐ (e) Reports regarding Debtor's failure to make either of the reports
in the immediately preceding paragraph (d) (as required by
§ 308(b)(5))
☐ (f) Reports regarding such other matters as are in the best interests
of the Debtor and creditors, and in the public interest in fair and

---

[6] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.
[7] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

efficient procedures under chapter 11

For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

**The MOR for August 2025 has not yet been filed.**

5. **Other Code Compliance:**

5.1 Did the Debtor attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

☒ Yes (The meeting of creditors was held on March 31, 2025 (docket no. 6).
☐ No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.2 Has the Debtor filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.3 Has the Debtor maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with this requirement:

5.4 Has the Debtor timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

☐ Yes
☒ No

If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

Debtor is working on unfiled FICA, Corporate, and Federal Tax Returns.

5.5 Has the Debtor allowed the United States Trustee to inspect the Debtor's premises, books, and records, and otherwise complied with § 1116(7)?

☐ Yes
☒ No

If "No," explain why and when the Debtor intends to comply with this requirement:
No such request was made.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**6.**     **Cash Collateral:**

6.1     Does any entity assert that any property of the bankruptcy estate
       constitutes its cash collateral?

☐ Yes
☒ No

If "Yes," identify each such entity and what is the property that the entity
asserts is its cash collateral.

6.2     Is the Debtor currently using, selling, and/or leasing any property of the
       bankruptcy estate that any entity contends is its cash collateral?

☐ Yes
☒ No

If "Yes," identify each such entity and what is the property that the entity
asserts is its cash collateral.
All assets of the Debtor are claimed as cash collateral by the following entities:

6.3     Since the filing of this bankruptcy case, has the Debtor used, sold, and/or
       leased any property of the bankruptcy estate that an entity contends is its
       cash collateral?

☐ Yes
☒ No

If "Yes," identify each such entity and what is the property that the entity
asserts is its cash collateral.

6.4     Has the Court approved any orders authorizing the use of cash collateral?

☐ Yes
☒ No

6.5     Has every entity having any interest in cash collateral that is property of
       the bankruptcy estate consented to its use?

☐ Yes
☐ No
☒ Not applicable

**7.**     **"First Day" Motions:**

7.1     Has the Debtor filed any of the following "first day" motions, if applicable:

☐ Cash collateral
☐ DIP financing
☐ Prepetition non-insider wage payments
☐ Cash management authority
☐ Utilities
☐ Limit notice
☐ Joint administration
☐ Critical vendor
☐ Others (describe:)

7.2     Do prepetition plan support agreements exist?

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT
OF CALIFORNIA, THE SUBCHAPTER V TRUSTEE, ALL PARTIES IN INTEREST,
AND THEIR COUNSEL:

     **PLEASE TAKE NOTICE** that the debtor and debtor-in-possession in this case
("Debtor") is proceeding under subchapter V of chapter 11 of Title 11 of the United
States Code ("Bankruptcy Code" or "U.S.C."),[1] and the Bankruptcy Court will hold a
status conference at the date, time, and place set forth above. The Debtor is filing this
Status Report pursuant to 11 U.S.C. § 1188(c) and LBR 2015-3(b).[2] Check your
presiding judge's procedures to see if, in addition to this Status Report, you must also
file Local Form F 2081-1.1.C11.STATUS.RPT, or any other form of Status Report.

1.    **The Plan:**

    1.1    What type of plan will the Debtor propose?

        ☐  Consensual (i.e., with agreement or consent of creditors and other
        interested parties)
        ☐  Nonconsensual[3]
        ☒  Undetermined

    1.2    Explain why the Debtor expects the plan to be consensual or
        nonconsensual, or the reason why it is undetermined at this time:

        It is undetermined at this time if the plan to be proposed by the Debtor will be a consensual or non-consensual plan
        because the Debtor is in the early stages of negotiations with its creditors, and will request mediation with
        plaintiffs/claimants who filed unsecured claims based on litigation and/or arbitration which was pending pre-petition.

    1.3    Will the Debtor file the plan within the deadline of 90 days from the petition
        date imposed by § 1189(b)?

        ☒  Yes
        ☐  No

        If "No," explain why, and state when the debtor will file its[4] plan:

    1.4    Please summarize the basic nature of the plan:

        Debtor is a service- based business. Debtor has vacated the office located at 10877 Wilshire Blvd. and stipulated with
        the landlord to reject the lease. (Dkt. 45). Debtor also vacated and rejected the lease for the office in Encino, CA and
        entered into a stipulation for lease rejection.

        The IRS filed a priority claim in the approximate amount of $4.1 million dollars (Claim No. 1-1). The claim is based on
        estimated taxes for unfiled WT-FICA, and Corporate and Foreign tax returns. Debtor will work to get the unfiled forms
        filed and anticipates that that claim will be significantly reduced.

        Depending on the valuation of the Debtor's assets, Debtor may bifurcate some of its creditor's claims into partially
        secured and partially unsecured claims. Those secured lienholders holding lower-priority claims beyond the liquidation
        value will be treated as undersecured, and their claims treated in the class of general unsecured creditors

        Debtor's Plan will provide the same pro-rata distribution to all general unsecured creditors classified within the same
        class.

        Debtor is involved in the following litigation and/or arbitration:

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No.
116-54, and became effective on February 19, 2020.   All references to "Section" or "§" are to the Bankruptcy Code or Title 11 of the
United States Code.
[2] "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on
the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual
plan of reorganization." 11 U.S.C. § 1188(c).
[3] The term "nonconsensual plan" for purposes of this Status Report means a plan confirmed under § 1191(b).
[4] In this Status Report, "it" in referring to the Debtor also refers to "him" or "her."

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

☐ Yes
☒ No

If "Yes," attach copies to this Status Report.

8.  **Additional Information:**

8.1   What additional information would the Debtor like to disclose to the Court
concerning this chapter 11 case or the plan (e.g., executory contracts or
unexpired leases, setting or extending bar date for proofs of claims or interests, sale
or surrender of real and/or personal property)?

**On June 19, 2025, Counsel for Debtor filed the First Interim Fee Application for Compensation and
Reimbursement of Expenses requesting approval of the total amount of $34,568.61. Counsel requests approval
to apply $19,146.00 from the pre-petition retainer towards the total amount due, and authority to be paid the
balance of $15,422.61 from funds in the Debtor-in-Possession account. (Dkt. 73).**

**According to the last filed MOR, the ending balance in the Debtor-in-Possession account was $17,811.90. (Dkt.
86).**

**On August 15, 2025, Debtor's counsel filed a Motion to Withdraw as Attorney for Debtor. (Dkt. 80). A hearing on
that motion is scheduled for October 7, 2025.**

**On September 19, 2025, Debtor filed an Application to Employ Saul Ewing, LLP as counsel for Debtor,
requesting to pay Saul Ewing, LLP $75,000 as a post-petition retainer. (Dkt. 81). A hearing on the Application to
Employ is scheduled for October 7, 2025.**

Dated:    9/23/2025

Respectfully submitted:

**Michael Jay Berger**
Name of Debtor's Counsel

/s/ Michael Jay Berger
Signature of Debtor's Counsel

Name of Law Firm:      **Law Offices of Michael Jay Berger**
Address:               **9454 Wilshire Boulevard, 6th floor**
                       **Beverly Hills, CA 90212**

Telephone number:     **(310) 271-6223**
Email address:        **michael.berger@bankruptcypower.com**

I/we declare, under penalty of perjury, that I/we have read and reviewed all of the
information provided in this Status Report and that it is true, correct, and accurate.

Dated:    9/23/2025

**Thomas St. John**
Name of Debtor/Debtor Representative

**Chief Operating Officer**
Relation to Debtor

Signature of Debtor/Debtor Representative

Dated:

Name of Co-Debtor (if any)

Signature of Co-Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **Subchapter V Status Report** will be served or
was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated
below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
9/23/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Interested Party: Ron Bender   rb@lnbyg.com
Michael Jay Berger   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Interested Party: Debra Brand   dbrand@yaspanlaw.com
Leaf Capital Funding Jennifer Witherell Crastz   jcrastz@hrhlaw.com
Counsel for Center West: Stella A Havkin   stella@havkinandshrago.com, shavkinesq@gmail.com
Subchapter V Trustee: Gregory Kent Jones (TR)   gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
Counsel for Estate of Phillip Lawrence, II: Jeffrey S Kwong   jsk@lnbyg.com, jsk@ecf.inforuptcy.com
Interested Party: Matthew A Lesnick   matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
U.S. Trustee: Ron Maroko   ron.maroko@usdoj.gov
Interested Parties Howard Ruddell   hruddell@mooreruddell.com
United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
Gaye N Heck   gheck@bbslaw.com
Counsel for David Gottlieb Chapter 7 Trustee: Joseph M Rothberg   jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 9/23/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will
be completed</u> no later than 24 hours after the document is filed.
Thomas St. John – 10877 Wilshire Blvd., Los Angeles, CA 90024

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _9/23/2025_____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.
Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/19/2025 | Peter Garza | /s/Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

## 2. **SERVED BY UNITED STATES MAIL**:

Subchapter V Trustee
Gregory Kent Jones, Esq.
Stradling Yocca Carlson & Rauth
10100 N. Santa Monica Blvd., Ste. 1400
Los Angeles, CA 90067

David Gottlieb, Chapter 7 Trustee for the Estate of Philip M. Lawrence II
21650 Oxnard St., Ste. 500
Woodland Hills, CA 91367

### SECURED CREDITORS:

City National Bank
PO Box 60938
Los Angeles, CA 90060

Connection Financial Services
2330 I-30
Mesquite, TX 75150

Leaf Capital Funding, LLC
2005 Market Street, 14th Fl
Philadelphia, PA 19103

Leaf Capital Funding, LLC
c/o Hemar, Rousso & Heald, LLP
Attn: Jennifer Witherell Crastz
15910 Ventura Blvd., 12th Fl
Encino, CA 91436

Leaf Funding
Insurance Service Center
PO Box 202124
Florence, SC 29502

## 20 LARGEST UNSECURED CREDITORS:

AMB Industry Group LLC
14141 Southwest Freeway
Sugar Land, TX 77478

Agicap SAS
Immeuble Lyon Vaise Saint Cyr 57-59
Rue Saint Cyr, 69009, Lyon France

American Arbitration Association
120 Broadway, 21st Floor
New York, NY 10271

Center West
10877 Wilshire Blvd, Ste 300
Los Angeles, CA 90024

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Center West
c/o Stella Havkin, Esq.
21650 Oxnard St., Ste. 1540
Woodland Hills, CA 91367

Cypress Premium Funding
28202 Cabot Rd. Ste. 435
Laguna Niguel, CA 92677

DE 16830, LLC
Douglas Emmett Management, agent
1299 Ocean Ave., Ste. 1000
Santa Monica, CA 90401

Datafaction Inc.
841 Apollo St.
El Segundo, CA 90245

Douglas Emmet
1299 Ocean Ave
Santa Monica, CA 90401

Douglas Emmett & Co.
808 Wilshire Blvd., 2nd Floor
Santa Monica, CA 90404

Jackson Lewis P.C.
c/of Kevin D. Reese, Esq.
50 California Street, 9th Floor
San Francisco, CA 94111

Klar Consulting LLC
197 Schoolhouse Road
Staatsburg, NY 12580

Maintech, Inc.
14 Commerce Dr.
Clatskanie, OR 97016

Rust August & Kabat
12424 Wilshire Blvd
Los Angeles, CA 90025

Sheridan Group
2045 Pontius Ave
Los Angeles, CA 90025

Silver Sea Analytics Co.
5/514 Hoang Hoa Tham St.
Tay Ho Disrtict 100000
Hanoi, Vietnam

Sklar Kirsh, LLP
1880 Century Park East
Los Angeles, CA 90067

Tipalti Inc

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

June 2012

F 9013-3.1.PROOF.SERVICE

1051 E Hillsdale Blvd. Ste. 600
San Mateo, CA 94404

Vinci Legal LTD
20 Grosvenor Place
London, SW1X7HN

Wolters Kluwer
PO Box 5729
Carol Stream, IL 60197

Zoom Video Communications
55 South Almaden Blvd
San Jose, CA 95113

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**