| Attorney or Party Name, Address, Telephone & Fax Nos., State Bar No. & Email Address<br><br>ZEV SHECHTMAN (BAR NO. 266280)<br>Zev.Shechtman@saul.com<br>SAUL EWING LLP<br>1888 Century Park East, Suite 1500<br>Los Angeles, California 90067<br>Telephone: (310) 255-6100<br>Facsimile: (310) 255-6200<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Thomas St. John, Inc., Debtor | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - <u>LOS ANGELES</u> DIVISION** ||
| In re:<br><br>THOMAS ST. JOHN, INC.<br><br>      Debtor. | CASE NO. 2:25-bk-11641-BR<br><br>CHAPTER 11<br>(Subchapter V) |
| | **SUBCHAPTER V STATUS REPORT** |
| | **Status Conference**:<br>DATE: 1/27/2026<br>TIME: 10:00 a.m.<br>COURTROOM: 1668<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

**Status Conference Location:**

☒    255 East Temple Street, Los Angeles, CA 90012

☐    411 West Fourth Street, Santa Ana, CA 92701

☐    21041 Burbank Boulevard, Woodland Hills, CA 91367

☐    1415 State Street, Santa Barbara, CA 93101

☐    3420 Twelfth Street, Riverside, CA 92501

57044749.1
395611-00001

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                **F 2015-3.1.SUBV.STATUS.RPT**

- 1 -

**TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE SUBCHAPTER V TRUSTEE, ALL PARTIES IN INTEREST, AND THEIR COUNSEL:**

  **PLEASE TAKE NOTICE** that the debtor and debtor-in-possession in this case ("Debtor") is proceeding under subchapter V of chapter 11 of Title 11 of the United States Code ("Bankruptcy Code" or "U.S.C."),[1] and the Bankruptcy Court will hold a status conference at the date, time, and place set forth above. The Debtor is filing this Status Report pursuant to 11 U.S.C. § 1188(c) and LBR 2015-3(b).[2] Check your presiding judge's procedures to see if, in addition to this Status Report, you must also file Local Form F 2081-1.1.C11.STATUS.RPT, or any other form of Status Report.

1. **The Plan:**

    1.1 What type of plan will the Debtor propose?

      ☐ Consensual (i.e., with agreement or consent of creditors and other interested parties)
      ☐ Nonconsensual[3]
      ☒ Undetermined

    1.2 Explain why the Debtor expects the plan to be consensual or nonconsensual, or the reason why it is undetermined at this time:

      **The debtor is currently pursuing a sale under section 363 of the Bankruptcy Code which would be followed by a liquidating plan.**

    1.3 Will the Debtor file the plan within the deadline of 90 days from the petition date imposed by § 1189(b)?

      ☒ Yes
      ☐ No

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020. All references to "Section" or "§" are to the Bankruptcy Code or Title 11 of the United States Code.

[2] "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c).

[3] The term "nonconsensual plan" for purposes of this Status Report means a plan confirmed under § 1191(b).

57044749.1
395611-00001

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*  **F 2015-3.1.SUBV.STATUS.RPT**

If "No," explain why, and state when the Debtor will file its[4] plan:

**The Debtor has already filed a plan. However, the Debtor would need to file an amended plan after conclusion of the sale process.**

1.4 Please summarize the basic nature of the plan:

**To be determined.**

2. **Efforts Toward Consensual Plan:[5]**

2.1 Describe the efforts the Debtor has taken so far to obtain the consent of creditors for a consensual plan:

**The Debtor has communicated with the Subchapter V Trustee ("Trustee") about the potential 363 sale. The Debtor intends to work with the Trustee to develop a process and negotiate with creditors as necessary.**

2.2 Describe the efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan:

**The Debtor will continue to coordinate with the Trustee.**

2.3 Describe the efforts that Debtor has taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtor's reasons for not reaching out to creditors and parties in interest about a plan:

**The Debtor has communicated with the Trustee, through counsel. Once the Debtor's plans are in place, the Debtor will further coordinate with the Trustee and communicate with creditors.**

2.4 Identify the parties with whom the Debtor has discussed a plan. Select all that apply:

☐ Secured creditors
☐ Priority creditors
☐ Unsecured creditors
☐ Equity interest holders
☒ The subchapter V trustee

---

[4] In this Status Report, "it" in referring to the Debtor also refers to "him" or "her."
[5] This Status Report does not ask the Debtor to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

57044749.1
395611-00001

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                        F 2015-3.1.SUBV.STATUS.RPT

    ☐  Others (describe: )

**3.**   **Appointment of Committees and Disclosure Statement:**

  3.1 In the Debtor's view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

    ☐  Yes
    ☒  No

    Explain your answer:

    **This case does not have any special features warranting a committee, nor does it have the budget.**

  3.2 In the Debtor's view, is there any "cause" for the Court to order the filing of a separate disclosure statement pursuant to § 1181(b) and § 1125?

    ☐  Yes
    ☒  No

    Explain your answer:

    **This case does not have any special features warranting a disclosure statement, nor does it have the budget.**

**4.**   **Reporting Compliance:**

  4.1 Has the Debtor filed all the documents required under § 1187(a)?[6]

    ☐  Yes
    ☒  No

    If "No," identify the documents that were required to be filed[7] but were not:

    ☒  (a) the Debtor's most recent balance sheet

    ☒  (b) the most recent statement of the Debtor's operations

    ☒  (c) the Debtor's most recent cash-flow statement

---

[6] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.
[7] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

57044749.1
395611-00001

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*      **F 2015-3.1.SUBV.STATUS.RPT**
- 4 -

☒     (d) the Debtor's most recent Federal income tax return

Has the Debtor filed a statement under penalty of perjury that the Debtor has not prepared a balance sheet, statement of operations, and/or cash-flow statement and/or that Debtor has not filed its Federal income tax return as required by § 1116(1)(B)?

☒     Yes
☐     No
☐     Not applicable

If "Yes," identify each unprepared or unfiled document, and explain why the document was not prepared or filed and how the Debtor intends to prepare or file the document:

**The Debtor files a consolidated tax return that includes its foreign sister companies. The Debtor has obtained extensions and have recently filed the consolidated tax return.**

4.2     Has the Debtor filed all Small Business Monthly Operating Reports (Official Form B 425C) ("MORs") as required under § 308?

☒     Yes
☐     No

If "No," or if portions of the MORs are deficient, identify which portions are deficient or not reported fully:

☐     (a) Reports regarding Debtor's profitability

☐     (b) Reports regarding reasonable approximations of projected cash receipts and disbursements over a reasonable period

☐     (c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports

☐     (d) Reports regarding whether the Debtor is (i) in compliance in all material respects with postpetition requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (ii) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due

57044749.1
395611-00001

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*     F 2015-3.1.SUBV.STATUS.RPT

- 5 -

☐     (e) Reports regarding Debtor's failure to make either of the reports in the immediately preceding paragraph (d) (as required by § 308(b)(5))

☐     (f) Reports regarding such other matters as are in the best interests of the Debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11

For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

**5.**     **Other Code Compliance:**

5.1     Did the Debtor attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

☒     Yes
☐     No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.2     Has the Debtor filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

☒     Yes
☐     No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.3     Has the Debtor maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

☒     Yes
☐     No

If "No," explain why and when the Debtor intends to comply with this requirement:

57044749.1
395611-00001

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*      F 2015-3.1.SUBV.STATUS.RPT

- 6 -

    5.4    Has the Debtor timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

        ☒    Yes
        ☐    No

        If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

    5.5    Has the Debtor allowed the United States Trustee to inspect the Debtor's premises, books, and records, and otherwise complied with § 1116(7)?

        ☐    Yes
        ☒    No

        If "No," explain why and when the Debtor intends to comply with this requirement:

        **The U.S. Trustee has not made such request.**

**6.**    **Cash Collateral:**

    6.1    Does any entity assert that any property of the bankruptcy estate constitutes its cash collateral?

        ☐    Yes
        ☒    No

        If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

    6.2    Is the Debtor currently using, selling, and/or leasing any property of the bankruptcy estate that any entity contends is its cash collateral?

        ☐    Yes
        ☒    No

        If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

57044749.1
395611-00001

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                      F 2015-3.1.SUBV.STATUS.RPT

- 7 -

    6.3    Since the filing of this bankruptcy case, has the Debtor used, sold, and/or leased any property of the bankruptcy estate that an entity contends is its cash collateral?

        ☐    Yes
        ☒    No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

    6.4    Has the Court approved any orders authorizing the use of cash collateral?

        ☐    Yes
        ☒    No

    6.5    Has every entity having any interest in cash collateral that is property of the bankruptcy estate consented to its use?

        ☐    Yes
        ☐    No
        ☒    Not applicable

**7.**    **"First Day" Motions:**

    7.1    Has the Debtor filed any of the following "first day" motions, if applicable:

        ☐    Cash collateral
        ☐    DIP financing
        ☐    Prepetition non-insider wage payments
        ☐    Cash management authority
        ☐    Utilities
        ☐    Limit notice
        ☐    Joint administration
        ☐    Critical vendor
        ☐    Others (describe: &lt;fill in&gt;)

    7.2    Do prepetition plan support agreements exist?

        ☐    Yes
        ☒    No

If "Yes," attach copies to this Status Report.

57044749.1
395611-00001

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*    F 2015-3.1.SUBV.STATUS.RPT

- 8 -

8. **Additional Information:**

    8.1    What additional information would the Debtor like to disclose to the Court concerning this chapter 11 case or the plan (e.g., executory contracts or unexpired leases, extending bar date for proofs of claims or interests, sale or surrender of real and/or personal property, the Debtor's exit strategy)?

**The Debtor is preparing to submit for court approval a sale and settlement agreement with respect to assets of the estate. The buyer will be Thomas St. John Group, Inc., a Delaware corporation, an entity majority owned by Thomas St. John, the principal of the Debtor. The Subchapter V Trustee has negotiated, reviewed and approved the agreement on behalf of the estate. The Debtor expects to file a motion to approve such agreement before the date of the status conference.**

Dated: 1/13/2026

Respectfully submitted,

    Zev Shechtman
Name of Debtor's Counsel

_/s/ Zev Shechtman_
Signature of Debtor's Counsel

Name of Law Firm: Saul Ewing LLP
Address: 1888 Century Park East, Suite 1500, Los Angeles, CA 90067
Telephone number: (310) 255-6100
Email Address: zev.shechtman@saul.com

I/we declare, under penalty of perjury, that I/we have read and reviewed all of the information provided in this Status Report and that it is true, correct, and accurate.

Dated: 1/13/2026

Thomas St. John
Name of Debtor/Debtor Representative

Chief Operating Officer
Relation to Debtor

_/s/_
Signature of Debtor/Debtor Representative

57044749.1
395611-00001

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2021     F 2015-3.1.SUBV.STATUS.RPT

- 9 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Saul Ewing LLP, 1888 Century Park East, Suite 1500, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): **Subchapter V Status Report** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 13, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **January 13, 2026,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Robert M. Law Offices of Robert M. Yaspan
21700 Oxnard Street Suite 1750
Woodland Hills, CA 91367

**Debtor**
Thomas St. John, Inc.
10877 Wilshire Blvd.
Los Angeles, CA 90024

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 13, 2026 | Hannah Richmond | /s/ Hannah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                               **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued)**:

   - **Ron Bender**   rb@lnbyg.com
   - **Debra Brand**   brandlawcorp@gmail.com
   - **Jennifer Witherell Crastz**   jcrastz@hrhlaw.com
   - **Stella A Havkin**   stella@havkinandshrago.com, shavkinesq@gmail.com
   - **Gaye N Heck**   gheck@bbslaw.com
   - **Gregory Kent Jones (TR)**   gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
   - **Jeffrey S Kwong**   jsk@lnbyg.com, jsk@ecf.inforuptcy.com
   - **Matthew A Lesnick**   matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
   - **Ron Maroko**   ron.maroko@usdoj.gov
   - **Madison B Oberg**   madison@oberglawapc.com
   - **Joseph M Rothberg**   jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
   - **Howard Ruddell**   hruddell@mooreruddell.com
   - **Zev Shechtman**   Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
   - **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**